UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Abeth Hashimi,<br><br>    Plaintiff,<br>vs.<br><br>Ismet Hoxha, and<br>Lima Hoxha, and<br>La Parrillada Colombiana NYC Incorporated,<br><br>    Defendants. | |

## COMPLAINT

Plaintiff, ABETH HASHIMI (hereinafter, "Plaintiff"), by and through undersigned counsel, hereby files this Complaint and sues Defendants, ISMET HOXHA, LIMA HOXHA, and LA PARRILLADA COLOMBIANA NYC INCORPORATED (hereinafter, "Defendants"), for injunctive relief pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181, *et seq.*, (hereinafter, the "ADA") and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 (hereinafter, the "ADAAG").

## JURISDICTION AND VENUE

**1.** This Court has original jurisdiction over the action pursuant to 28 U.S.C., §§1331 and 1343 for Plaintiff's claims arising under 42 U.S.C. § 12181, *et seq.*, based upon Defendants' violations of Title III of the ADA (see also, 28 U.S.C. §§ 2201 and 2202).

**2.** The subject property is a restaurant located at 52-35 Metropolitan Avenue, Queens, NY 11385 (hereinafter, the "Subject Premises").

**3.** All events giving rise to this lawsuit occurred in the State of New York. Venue is proper in this Court as the Subject Premises are located in the Eastern District.

## PARTIES

**4.** Plaintiff, ABETH HASHIMI, is over the age of 18, *sui juris,* and a resident of Queens County, New York. Plaintiff suffers from a congenital neuromuscular disorder known as Central Nuclear Myopathy, which is characterized by a defect in the cell structure of voluntary muscles, uses a wheelchair for mobility, and is a qualified individual under the ADA.

**5.** Defendant, ISMET HOXHA, is an individual who is authorized to and does transact business in the State of New York and within this judicial district. Defendant, ISMET HOXHA, is the co-owner of the Subject Premises.

**6.** Defendant, LIMA HOXHA, is an individual who is authorized to and does transact business in the State of New York and within this judicial district. Defendant, LIMA HOXHA, is the co-owner of the Subject Premises

**7.** Defendant, LA PARRILLADA COLOMBIANA NYC INCORPORATED, is a domestic business corporation which is authorized to and does transact business in the State of New York and within this judicial district, and is the owner/operator of the restaurant "LA PARILLADA COLOMBIANA" located at the Subject Premises.

**8.** According to the New York State Liquor Authority, Defendant, LA PARRILLADA COLOMBIANA NYC INCORPORATED, was issued an On Premises Liquor license on October 10, 2024 for the Subject Premises.

**9.** LA PARILLADA COLOMBIANA, located at 52-35 Metropolitan Avenue in Queens, New York, is a Colombian restaurant offering a variety of traditional dishes, including bandeja paisa and parrilladas. The establishment features a family-friendly atmosphere and provides options for dine-in, takeout, and delivery services. The Plaintiff appreciates the quality of the cuisine and the ambiance at LA PARRILLADA COLOMBIANA. However, despite the

Plaintiff's appreciation for the establishment, significant accessibility barriers hinder their ability to fully enjoy the dining experience, in violation of the ADA.

## FACTUAL ALLEGATIONS AND CLAIM

10. Plaintiff has visited the Subject Property which forms the basis of this lawsuit around October 2024, and again on or about April 24, 2025. On such occasions, the Plaintiff's ability to ambulate through the entrance of the Subject Property was constrained, hindered, and thwarted by the structural barriers, to wit; an series of steps, the first a concrete porch step, followed by a steep brick step directly before the entrance doors of the facility, and that which was incompatible for his wheeled ambulation. More specifically, for purposes of this suit, the concrete step was unnavigable for Plaintiff's wheelchair during his visit, and after coming upon the architectural barrier steps, it was entirely untraversable, thus preventing him from accessing the public services therewithin

11. The Plaintiff plans to return to the Subject Property to avail himself of the goods and services offered to the public at the Subject Property, but Plaintiff will be denied and/or limited in the future unless and until Defendants are compelled to desist their policy of wilful indifference and remove the physical barriers to access and ADA violations which exist at the Facility, including but not limited, to those set forth in this Complaint.

12. Plaintiff lives only several miles from the Defendants' Facility, passes by the Defendants' Facility at least once per week when he is doing errands, visiting family and friends throughout the borough, and looking to drink and eat out. Moreover, the Defendants' Facility is in a neighborhood that Plaintiff dines out two to three times per month. Foremost, Plaintiff has partaken at, and in, nearly all of the neighboring restaurants surrounding the subject facility that are all without obstructions about twice per month, including but not limited to the Panshi, the

3

Dhaka Restaurant, and Jade Garden amongst many others; and thereon affirms that he would eat at the Defendant's restaurant and avail himself of the goods and services offered to the public, were it not for the structural barriers inhibiting his ability to enter the subject facility, in direct contravention of Title III of the ADA and provisions under the ADAAG.

13. The Defendants' Facility is a public accommodation and service establishment, and although required by law to do so, it is not in compliance with the ADA and ADAAG. Plaintiff has visited the Subject Property which forms the basis of this lawsuit and plans to return in the coming months to the Subject Property to avail himself of the goods and services offered to the public at the Subject Property, and to determine whether the Subject Property has been made ADA compliant. Plaintiff's access to the Facility and/or full and equal enjoyment of the goods, services, facilities, privileges, advantages, and/or accommodations offered therein was denied and/or limited because of these disabilities, and Plaintiff will be denied and/or limited in the future unless and until Defendants are compelled to remove the physical barriers to access and ADA violations which exist at the Facility, including but not limited, to those set forth in this Complaint..

14. Plaintiff has suffered and continues to suffer direct and indirect injury as a result of the ADA violations that exist at the Facility. In this instance, Plaintiff visited the Facility and encountered barriers to access at the Facility, engaged barriers, suffered legal harm and injury, and will continue to suffer legal harm and injury as a result of the illegal barriers to access as set forth herein.

15. Plaintiff visited the Facility and encountered barriers to access at the Facility no less than two times, specifically on or about October 2024, and again on or about April 24, 2025 engaged the barrier when attempting to approach the entrance door, wherein Plaintiff

4

encountered an architectural barrier step, realized the wheelchair could not safely traverse, thus causing plaintiff to turn back and suffer legal harm and injury thereafter. There was no apparent mechanism for assistance, or other means for traversing said architectural barriers. Plaintiff will continue to suffer legal harm and injury as a result of the illegal barriers to access as set forth in greater detail herein. The Plaintiff will continue to dine out in the neighborhood of the Defendants' subject property; specifically plans to visit this subject property this summer and autumn with family and friends for nights out, and holidays and events; and will thereon continue to attempt to access the services and facilities at said premises which have been deprived at all times material

**16.** Pursuant to 42 U.S.C. § 12134(a), the Department of Justice, through the Office of the Attorney General, published revised regulations for Title III of the Americans with Disabilities Act of 1990 in the Federal Register on September 15, 2010. These regulations required public accommodations to comply with the updated standards by March 15, 2012.

**17.** Under the "Safe Harbor" provision outlined in 28 CFR § 36.304(d)(2)(i), elements in existing facilities that have not been altered on or after March 15, 2012, and that comply with the technical and scoping specifications of the 1991 Standards are not required to be modified to meet the 2010 Standards. However, the violations described in this Complaint fail to comply with both the 1991 Standards and the 2010 Standards.

**18.** The Subject Premises, as a public accommodation and service establishment, is required by law to comply with the ADA and ADAAG. However, it remains non-compliant with these standards.

**19.** Plaintiff has suffered harm and injury as a result of personally encountering barriers to access at the Subject Premises, and he will continue to suffer harm due to the

5

Defendants' failure to address the ADA violations described herein.

20. Plaintiff has experienced direct and indirect injury as a result of the physical barriers and ADA violations at the Subject Premises and the Defendants' actions or inactions in remedying these violations.

21. Plaintiff intends to return to the Subject Premises in the near future to utilize the goods, services, and accommodations offered. However, his ability to do so is restricted by the ongoing physical barriers and ADA violations that limit access for individuals with disabilities.

## COUNT I
## VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT
**(Against All Defendants)**

22. Plaintiff restates Paragraphs 1-20 as though fully set forth herein.

23. Defendants, ISMET HOXHA, LIMA HOXHA, and LA PARRILLADA COLOMBIANA NYC INCORPORATED, have discriminated against the Plaintiff and others with disabilities by failing to provide full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of the Subject Premises, as required by Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.*, and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36.

24. ISMET HOXHA and LIMA HOXHA, jointly as the owners of the Subject Premises, are responsible for ensuring that the property complies with the ADA, including removing architectural barriers where readily achievable as required by 42 U.S.C., § 12182(b)(2)(A)(iv).

25. LA PARRILLADA COLOMBIANA NYC INCORPORATED, as the owner/operator of the business located at the Subject Premises, is responsible for ensuring that its policies, practices, and any barriers within its leased space comply with the ADA.

**26.** The Plaintiff's ability to access the Subject Premises and fully benefit from its goods, services, facilities, privileges, advantages, and accommodations is hindered by various physical barriers, unsafe conditions, and ADA violations, including but not limited to the following:

1. Inaccessible entrance.

2. Accessible route to establishment not provided as required.

3. Accessible means of egress not provided as required.

4. Existing curb at travel path to entrance acts as a barrier to accessibility.

5. Required ramp not provided for existing curb at travel path to entrance.

> ADAAG 206 Accessible Routes
> ADAAG 206.1 General.
> Accessible routes shall be provided in accordance with 206 and shall comply with Chapter 4.
> ADAAG 206.2 Where Required.
> Accessible routes shall be provided where required by 206.2.
> ADAAG 206.2.1 Site Arrival Points.
> At least one accessible route shall be provided within the site from accessible parking spaces and accessible passenger loading zones; public streets and sidewalks; and public transportation stops to the accessible building or facility entrance they serve.
> ADAAG 206.4 Entrances.
> Entrances shall be provided in accordance with 206.4.
> Entrance doors, doorways, and gates shall comply with 404 and shall be on an accessible route complying with 402.
> ADAAG 207 Accessible Means of Egress
> ADAAG 207.1 General.
> Means of egress shall comply with section 1003.2.13 of the International Building Code (2000 edition and 2001 Supplement) or section 1007 of the International Building Code (2003 edition) (incorporated by reference, "Referenced Standards" in Chapter 1).
> ADAAG 402 Accessible Routes
> ADAAG 402.1 General.
> Accessible routes shall comply with 402.
> ADAAG 402.2 Components.
> Accessible routes shall consist of one or more of the following components: walking surfaces with a running slope not steeper than 1:20, doorways, ramps, curb ramps excluding the flared sides, elevators, and platform lifts. All components of an accessible route shall comply with the applicable requirements

      of Chapter 4.
      ADAAG 403 Walking Surfaces
      ADAAG 403.4 Changes in Level.
      Changes in level shall comply with 303.
      ADAAG 303.4 Ramps.
      Changes in level greater than ½ inch high shall be ramped, and shall comply with 405 or 406.

6. Additional step at entrance acts as a barrier to accessibility.

7. Required ramp not provided for additional step at entrance.

      ADAAG 206 Accessible Routes
      ADAAG 206.1 General.
      Accessible routes shall be provided in accordance with 206 and shall comply with Chapter 4.
      ADAAG 206.2 Where Required.
      Accessible routes shall be provided where required by 206.2.
      ADAAG 206.2.1 Site Arrival Points.
      At least one accessible route shall be provided within the site from accessible parking spaces and accessible passenger loading zones; public streets and sidewalks; and public transportation stops to the accessible building or facility entrance they serve.
      ADAAG 206.4 Entrances.
      Entrances shall be provided in accordance with 206.4.
      Entrance doors, doorways, and gates shall comply with 404 and shall be on an accessible route complying with 402.
      ADAAG 207 Accessible Means of Egress
      ADAAG 207.1 General.
      Means of egress shall comply with section 1003.2.13 of the International Building Code (2000 edition and 2001 Supplement) or section 1007 of the International Building Code (2003 edition) (incorporated by reference, "Referenced Standards" in Chapter 1).
      ADAAG 402 Accessible Routes
      ADAAG 402.1 General.
      Accessible routes shall comply with 402.
      ADAAG 402.2 Components.
      Accessible routes shall consist of one or more of the following components: walking surfaces with a running slope not steeper than 1:20, doorways, ramps, curb ramps excluding the flared sides, elevators, and platform lifts. All components of an accessible route shall comply with the applicable requirements of Chapter 4.
      ADAAG 403 Walking Surfaces
      ADAAG 403.4 Changes in Level.
      Changes in level shall comply with 303.
      ADAAG 303.4 Ramps.

   Changes in level greater than ½ inch high shall be ramped, and shall comply with 405 or 406.

8. Required minimum maneuvering clearance not provided at entrance door.

9. Non-compliant change in floor level within required maneuvering clearance at entrance door.

   ADAAG 206 Accessible Routes
   ADAAG 206.1 General.
   Accessible routes shall be provided in accordance with 206 and shall comply with Chapter 4.
   ADAAG 206.2 Where Required.
   Accessible routes shall be provided where required by 206.2.
   ADAAG 206.2.1 Site Arrival Points.
   At least one accessible route shall be provided within the site from accessible parking spaces and accessible passenger loading zones; public streets and sidewalks; and public transportation stops to the accessible building or facility entrance they serve.
   ADAAG 206.4 Entrances.
   Entrances shall be provided in accordance with 206.4.
   Entrance doors, doorways, and gates shall comply with 404 and shall be on an accessible route complying with 402.
   ADAAG 206.4.1 Public Entrances.
   In addition to entrances required by 206.4.2 through 206.4.9, at least 60 percent of all public entrances shall comply with 404.
   ADAAG 207 Accessible Means of Egress
   ADAAG 207.1 General.
   Means of egress shall comply with section 1003.2.13 of the International Building Code (2000 edition and 2001 Supplement) or section 1007 of the International Building Code (2003 edition) (incorporated by reference, "Referenced Standards" in Chapter 1).
   ADAAG 404.2.4 Maneuvering Clearances.
   Minimum maneuvering clearances at doors and gates shall comply with 404.2.4.
   Maneuvering clearances shall extend the full width of the doorway and the required latch side or hinge side clearance.
   ADAAG 404.2.4.4 Floor or Ground Surface.
   Floor or ground surface within required maneuvering clearances shall comply with 302.
   Changes in level are not permitted.

10. Inaccessible dining tables.

11. Required minimum knee and toe clearance not provided at dining tables.

12. A minimum percentage of existing dining tables required to be accessible not provided.

9

> ADAAG 226 Dining Surfaces and Work Surfaces
> ADAAG 226.1 General.
> Where dining surfaces are provided for the consumption of food or drink, at least 5 percent of the seating spaces and standing spaces at the dining surfaces shall comply with 902.
> ADAAG 902 Dining Surfaces and Work Surfaces
> ADAAG 902.1 General.
> Dining surfaces and work surfaces shall comply with 902.2 and 902.3.
> ADAAG 902.2 Clear Floor or Ground Space.
> A clear floor space complying with 305 positioned for a forward approach shall be provided. Knee and toe clearance complying with 306 shall be provided.
> ADAAG 306.2 Toe Clearance.
> ADAAG 306.2.3 Minimum Required Depth.
> Where toe clearance is required at an element as part of a clear floor space, the toe clearance shall extend 17 inches (430 mm) minimum under the element.
> ADAAG 306.2.5 Width.
> Toe clearance shall be 30 inches (760 mm) wide minimum.
> ADAAG 306.3 Knee Clearance.
> ADAAG 306.3.3 Minimum Required Depth.
> Where knee clearance is required under an element as part of a clear floor space, the knee clearance shall be 11 inches deep minimum at 9 inches above the ground, and 8 inches deep minimum at 27 inches (685 mm) above the finish floor or ground.
> ADAAG 306.3.5 Width.
> Knee clearance shall be 30 inches (760 mm) wide minimum.

13. Inaccessible bar.

14. Portion of bar required to be accessible not provided.

15. Non-compliant height of bar exceeds maximum height allowance.

> ADAAG 226 Dining Surfaces and Work Surfaces
> ADAAG 226.1 General.
> Where dining surfaces are provided for the consumption of food or drink, at least 5 percent of the seating spaces and standing spaces at the dining surfaces shall comply with 902.
> ADAAG 902 Dining Surfaces and Work Surfaces
> ADAAG 902.1 General.
> Dining surfaces and work surfaces shall comply with 902.2 and 902.3.
> Advisory 902.1 General.
> Dining surfaces include, but are not limited to, bars, tables, lunch counters, and booths.
> ADAAG 902.3 Height.
> The tops of dining surfaces and work surfaces shall be 28 inches (710 mm) minimum and 34 inches (865 mm) maximum above the finish floor or ground.

16. Required minimum knee and toe clearance not provided at bar.

    ADAAG 226 Dining Surfaces and Work Surfaces
    ADAAG 226.1 General.
    Where dining surfaces are provided for the consumption of food or drink, at least 5 percent of the seating spaces and standing spaces at the dining surfaces shall comply with 902.
    ADAAG 902 Dining Surfaces and Work Surfaces
    ADAAG 902.1 General.
    Dining surfaces and work surfaces shall comply with 902.2 and 902.3.
    Advisory 902.1 General.
    Dining surfaces include, but are not limited to, bars, tables, lunch counters, and booths.
    ADAAG 902.2 Clear Floor or Ground Space.
    A clear floor space complying with 305 positioned for a forward approach shall be provided. Knee and toe clearance complying with 306 shall be provided.
    ADAAG 306.2 Toe Clearance.
    ADAAG 306.2.3 Minimum Required Depth.
    Where toe clearance is required at an element as part of a clear floor space, the toe clearance shall extend 17 inches (430 mm) minimum under the element.
    ADAAG 306.2.5 Width.
    Toe clearance shall be 30 inches (760 mm) wide minimum.
    ADAAG 306.3 Knee Clearance.
    ADAAG 306.3.3 Minimum Required Depth.
    Where knee clearance is required under an element as part of a clear floor space, the knee clearance shall be 11 inches deep minimum at 9 inches above the ground, and 8 inches deep minimum at 27 inches (685 mm) above the finish floor or ground.
    ADAAG 306.3.5 Width.
    Knee clearance shall be 30 inches (760 mm) wide minimum.

17. The two restrooms are inaccessible.

18. Required minimum clear width not provided at door of the restrooms.

    ADAAG 206 Accessible Routes
    ADAAG 206.1 General.
    Accessible routes shall be provided in accordance with 206 and shall comply with Chapter 4.
    ADAAG 402 Accessible Routes
    ADAAG 402.1 General.
    Accessible routes shall comply with 402.
    ADAAG 402.2 Components.
    Accessible routes shall consist of one or more of the following components: walking surfaces with a running slope not steeper than 1:20, doorways, ramps,

curb ramps excluding the flared sides, elevators, and platform lifts. All components of an accessible route shall comply with the applicable requirements of Chapter 4.
ADAAG 404.2.3 Clear Width.
Door openings shall provide a clear width of 32 inches (815 mm) minimum. Clear openings of doorways with swinging doors shall be measured between the face of the door and the stop, with the door open 90 degrees.

19. Non-compliant door lock at door of the two restrooms requires twisting of the wrist.

    ADAAG 404 Doors, Doorways, and Gates
    ADAAG 404.1 General.
    Doors, doorways, and gates that are part of an accessible route shall comply with 404.
    ADAAG 404.2.7 Door and Gate Hardware.
    Handles, pulls, latches, locks, and other operable parts on doors and gates shall comply with 309.4.
    ADAAG 309.4 Operation.
    Operable parts shall be operable with one hand and shall not require tight grasping, pinching, or twisting of the wrist. The force required to activate operable parts shall be 5 pounds maximum.

20. Inaccessible lavatory in the two restrooms.

21. Non-compliant height of lavatory in the two restrooms exceeds maximum height allowance.

    ADAAG 606 Lavatories and Sinks.
    ADAAG 606.1 General.
    Lavatories and sinks shall comply with 606.
    ADAAG 606.3 Height.
    Lavatories and sinks shall be installed with the front of the higher of the rim or counter surface 34 inches (865 mm) maximum above the finish floor or ground.

22. Required minimum knee and toe clearance not provided at lavatory in the two restrooms.

    ADAAG 606 Lavatories and Sinks.
    ADAAG 606.2 Clear Floor Space.
    A clear floor space complying with 305, positioned for a forward approach, and knee and toe clearance complying with 306 shall be provided.
    ADAAG 306.2 Toe Clearance.
    ADAAG 306.2.3 Minimum Required Depth.
    Where toe clearance is required at an element as part of a clear floor space, the toe clearance shall extend 17 inches (430 mm) minimum under the element.
    ADAAG 306.2.5 Width.

>Toe clearance shall be 30 inches (760 mm) wide minimum.
>ADAAG 306.3 Knee Clearance.
>ADAAG 306.3.3 Minimum Required Depth.
>Where knee clearance is required under an element as part of a clear floor space, the knee clearance shall be 11 inches deep minimum at 9 inches above the ground, and 8 inches deep minimum at 27 inches (685 mm) above the finish floor or ground.
>ADAAG 306.3.5 Width.
>Knee clearance shall be 30 inches (760 mm) wide minimum.

23. Insulation of pipes and water lines under the lavatory in the two restrooms not provided as required.

   >ADAAG 606 Lavatories and Sinks.
   >ADAAG 606.5 Exposed Pipes and Surfaces.
   >Water supply and drain pipes under lavatories and sinks shall be insulated or otherwise configured to protect against contact. There shall be no sharp or abrasive surfaces under lavatories and sinks.

24. Inaccessible mirror in the two restrooms.

25. Non-compliant mounted height of mirror in the two restrooms exceeds maximum height allowance.

   >ADAAG 603.3 Mirrors.
   >Mirrors located above lavatories or countertops shall be installed with the bottom edge of the reflecting surface 40 inches (1015 mm) maximum above the finish floor or ground.
   >Mirrors not located above lavatories or countertops shall be installed with the bottom edge of the reflecting surface 35 inches (890 mm) maximum above the finish floor or ground.

26. Inaccessible paper towel dispenser in the two restrooms.
27. Non-compliant mounted height of paper towel dispenser in the two restrooms exceeds maximum height allowance.

   >ADAAG Advisory 606.1 General.
   >If soap and towel dispensers are provided, they must be located within the reach ranges specified in 308.
   >ADAAG 308.2 Forward Reach.
   >ADAAG 308.2.1 Unobstructed.
   >Where a forward reach is unobstructed, the high forward reach shall be 48 inches maximum and the low forward reach shall be 15 inches minimum above the finish floor or ground.
   >ADAAG 308.2.2 Obstructed High Reach.
   >Where a high forward reach is over an obstruction, the clear floor space shall

> extend beneath the element for a distance not less than the required reach depth over the obstruction. The high forward reach shall be 48 inches maximum where the reach depth is 20 inches maximum. Where the reach depth exceeds 20 inches, the high forward reach shall be 44 inches maximum and the reach depth shall be 25 inches maximum.
> ADAAG 308.3 Side Reach.
> ADAAG 308.3.1 Unobstructed.
> Where a clear floor or ground space allows a parallel approach to an element and the side reach is unobstructed, the high side reach shall be 48 inches maximum and the low side reach shall be 15 inches minimum above the finish floor or ground.
> ADAAG 308.3.2 Obstructed High Reach.
> Where a clear floor or ground space allows a parallel approach to an element and the high side reach is over an obstruction, the height of the obstruction shall be 34 inches maximum and the depth of the obstruction shall be 24 inches maximum. The high side reach shall be 48 inches maximum for a reach depth of 10 inches maximum. Where the reach depth exceeds 10 inches, the high side reach shall be 46 inches maximum for a reach depth of 24 inches maximum.

28. Required grab bars not provided on rear and side walls of water closet in the two restrooms.

   > ADAAG 604 Water Closets and Toilet Compartments
   > ADAAG 604.5 Grab Bars.
   > Grab bars for water closets shall comply with 609.
   > Grab bars shall be provided on the side wall closest to the water closet and on the rear wall.

**27.** Plaintiff has attempted to access the Subject Premises but has been denied full and equal enjoyment of the goods, services, programs, and activities offered due to his disability. The physical barriers, dangerous conditions, and ADA violations described above have caused Plaintiff to suffer harm, and Plaintiff reasonably expects to face continued discrimination unless and until Defendants are compelled to remove these barriers and comply with the ADA.

**28.** In addition to his personal interest in accessing the Subject Premises free of illegal barriers, Plaintiff is an advocate for the rights of individuals with disabilities and serves as a "tester" to ensure public accommodations comply with the ADA. Plaintiff has visited the Premises in his capacity as a tester, encountered barriers to access, engaged with those barriers,

and suffered harm as a result. Plaintiff intends to return regularly to verify the Premises' compliance with the ADA and to confirm any modifications are properly maintained. Plaintiff believes that these violations will not be corrected without Court intervention, which will result in continued harm.

29. Plaintiff, in his capacity as a tester, will return to the Premises once Defendants make the necessary modifications to ensure accessibility for individuals with physical disabilities. Plaintiff will verify compliance with the ADA and confirm that all modifications are complete.

30. The removal of the physical barriers, dangerous conditions, and ADA violations described herein is readily achievable and can be accomplished without significant difficulty or expense, as defined by 42 U.S.C. § 12182(b)(2)(A)(iv); 42 U.S.C. § 12181(9); and 28 C.F.R. § 36.304.

31. Plaintiff is without an adequate remedy at law and is suffering irreparable harm. Plaintiff reasonably anticipates continued harm unless Defendants are required to remove the physical barriers, dangerous conditions, and ADA violations at the Subject Premises.

**RELIEF SOUGHT**

32. Plaintiff seeks an injunction requiring Defendants to bring the Subject Premises into full compliance with the ADA and ADAAG by remediating all violations.

33. Pursuant to 42 U.S.C. §12188(a), this Court is provided with authority to grant injunctive relief to Plaintiff, including an order to alter the Subject Premises to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA, and closing the Subject Premises until the requisite modifications are completed.

34. Plaintiff has been obligated to retain undersigned counsel for the filing and

prosecution of this action. The Plaintiff is entitled to have his reasonable attorney's fees, costs and expenses paid by the Defendants, pursuant to 42 U.S.C., §§ 12205 and 12217.

**WHEREFORE**, Plaintiff respectfully requests that the Court issue a permanent injunction enjoining Defendants from continuing their discriminatory practices, ordering Defendants to remove the physical barriers to access and alter the Subject Premises to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA, closing the Subject Premises until the barriers are removed and requisite alterations are completed, and awarding Plaintiff his reasonable attorney's fees, expert fees, costs, and litigation expenses incurred in this action.

Respectfully submitted,

BARDUCCI LAW FIRM, PLLC
5 West 19th Street, 10th Floor
New York, NY 10011
(212) 433-2554

By:  /s/ Maria-Costanza Barducci
Maria-Costanza Barducci, Esq.
  *Attorney for Plaintiff*
Bar No. 5070487
MC@BarducciLaw.com